*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HUGH A. WOODROW,

        Plaintiff,

v

BOARD OF STATE CANVASSERS,

        Defendant.

UNPUBLISHED
August 15, 2024

No. 371344

Before: BORRELLO, P.J., and M. J. KELLY and RICK, JJ.

PER CURIAM.

Plaintiff, Hugh A. Woodrow, files this original action for writ of mandamus. He asks this Court to order defendant, the Board of State Canvassers, to certify his candidacy for the office of Judge of the 54th Circuit Court. Defendant has answered the complaint, and the matter is ripe for review. See MCR 7.206(D). For the reasons set forth in this opinion, we hold that plaintiff cannot establish that he is entitled to mandamus relief and therefore his complaint is DENIED.

## I. BACKGROUND

Plaintiff circulated nominating petitions to be eligible to run as a candidate for the office of Judge of the 54th Circuit Court (Tuscola County). As a non-incumbent candidate for that office, plaintiff was required to file nominating petitions with the Secretary of State. MCL 168.413(1). Those nominating petitions must comply with MCL 168.544c(1). See MCL 168.544a (directing that nonpartisan nominating petitions must comply with MCL 168.544c(1)). Pertinent to this case, MCL 168.544c(1) requires a candidate's nominating petitions to list the date of the "primary election."

Plaintiff's nominating petitions erroneously indicated the general election date of November 5, 2024, instead of the required primary election date of August 6, 2024. This error is present in all of the plaintiff's nominating petitions. Following a challenge to plaintiff's nominating petitions, the Bureau of Elections recommended invaliding all of plaintiff's petition sheets. The staff report concluded that all of plaintiff's petition sheets suffered from the same error—they listed the wrong date in the heading.

The Board of State Canvassers convened on May 31, 2024, to consider nominating petitions, including those from plaintiff. Plaintiff argued that there was no primary election for the office they were seeking due to an insufficient number of candidates, and as a result, they listed the date of the general election on their petition sheets. Plaintiff argued that he complied strictly with the relevant election statutes. In response, Jonathan Brater, the Director of the Bureau of Elections, argued that MCL 168.544c(1) required the plaintiff to list the primary date, not the date of the general election. The Board of State Canvassers voted to accept the staff report and determined that plaintiff's petitions were insufficient. It was undisputed that there would not be a primary election for this race based on the number of qualified candidates. See MCL 168.412.

Plaintiff now files his complaint for writ of mandamus, asking this Court to order the Board of State Canvassers to certify him as being eligible to appear on the ballot for the upcoming general election in November.

## II. ANALYSIS

To be entitled to mandamus relief, plaintiff must demonstrate:

(1) the plaintiff has a clear legal right to the performance of the duty sought to be compelled, (2) the defendant has a clear legal duty to perform such act, (3) the act is ministerial in nature such that it involves no discretion or judgment, and (4) the plaintiff has no other adequate legal or equitable remedy. [*Barrow v Detroit Election Comm*, 301 Mich App 404, 412; 836 NW2d 498 (2013).]

Plaintiff argues that the Board of Canvassers had a clear legal duty to declare that his nominating petitions were sufficient. Under MCL 168.552(11), "[a]n official declaration of the sufficiency or insufficiency of a nominating petition shall be made by the board of state canvassers not less than 60 days before the primary election at which candidates are to be nominated." The Board of State Canvasser's statutory duty to review the sufficiency of a candidate's nominating petitions must be done before the primary election date. Whether a primary election will occur or not, a candidate's nominating petitions "are the key to accessing the November general election ballot . . . ." *Neilson v Bd of State Canvassers*, __ Mich App __, __; __ NW3d __ (2024) (Docket No. 371256), slip op at p. 3.

As for plaintiff's nominating petitions in the instant case, plaintiff sought to run in a nonpartisan race for circuit court judge. This state's election law contains detailed requirements for nominating petitions. MCL 168.544a directs that the size, form, and content of "all nonpartisan nominating petitions shall be the same as is provided in section 544c for partisan nominating petitions," except that the heading of the petition must state that the race is "nonpartisan." MCL 168.544a. In turn, § 544c—MCL 168.544c—establishes requirements that must be followed by a candidate. Under MCL 168.544c(1), the petition "must be in the following form":

We, the undersigned, registered and qualified voters

of the city or township of .................. , in the county

(strike 1)

of ................... and state of Michigan, nominate,

............................................................. ,

(Name of Candidate)

............................................................. ,

(Street Address or Rural Route) (City or Township)

as a candidate of the ................... party for the office of .......................... ,

............................................................. ,

(District, if any)

*to be voted for at the primary election to be held on the ............ day of .............. , 20*
........ . [MCL 168.544c(1) (emphasis added).]

The emphasized portion of the statute declares that the date of the "primary election" "must" appear on a candidate's nominating petitions. With respect to MCL 168.544c, this Court has explained that the word "must" is a mandatory term with which a candidate has to comply. *Wickman v Norway Twp Clerk*, __ Mich App __, __; __ NW3d __ (2024) (Docket No. 367743), slip op at p. 6. Only strict compliance will satisfy the statute; "substantial compliance does not apply to the mandatory provisions of the Michigan Election Law." *Id.*, citing *Stand Up for Democracy v Sec'y of State*, 492 Mich 588, 601; 822 NW2d 159 (2012). See also *Beydoun v Bd of State Canvassers*, __ Mich App __, __; __ NW3d __ (2024) (Docket No. 371167), slip op at p. 4 (explaining that, with respect to "challenges to petition forms that are made before the election, the usual rule is that strict compliance with statutory requirements is required.").

Accordingly, plaintiff's petition sheets "must" comply strictly with the plain language of MCL 168.544c(1). As noted, the statute demands that a candidate list a date for the "primary election." The statute is not ambiguous, and it does not provide any other options for satisfying the demand to list the date of the "primary election." There is no question that plaintiff did not list the primary date, as he instead determined that he should list the date of the general election. This is contrary to the statute's unambiguous demands. Listing the date for the general election falls short of strict compliance with the statute's requirements. And if petition sheets do not comply with the statute's demands, they are not valid. *Wickman*, __ Mich App at __, slip op at p. 9. The Board of State Canvassers does not have a clear legal duty to certify invalid petitions, nor does plaintiff have a clear legal right to have his candidacy certified by the Board. *Id*.

This Court reached the same result in another, albeit unpublished, case in which the candidate failed to list the primary date on a petition sheet. *Aiello v Sabaugh*, unpublished per curiam opinion of the Court of Appeals, issued June 21, 2016 (Docket No. 333461). In that case, the plaintiff failed to list any date for the primary election on one of his petition sheets. *Id*. at p. 1. On appeal, this Court held that MCL 168.544c required the date of the primary election to be listed on petition sheets, and it reversed an order requiring the plaintiff to be placed on the ballot. *Id*. at 4-5. The Court held that the plaintiff "did not comply with § 544c(1)" with respect to the petition

sheet that did not list the date of the primary election. *Id*. at 5. And it held that a petition sheet falling short of strict compliance could not be counted. *Id*.

The instant case is comparable to *Aiello* in the sense that both cases involve plaintiffs who failed to list the date of the primary election on petition sheets. While the instant case involves the wrong date, we conclude that the *Aiello* reasoning nevertheless applies. That is, MCL 168.544c(1) requires a candidate to list the primary date, and anything other than the primary date falls short of strict compliance with the statute. Thus, while the *Aiello* opinion is unpublished and not binding, it is nevertheless persuasive. See MCR 7.215(C)(1).

Plaintiff's complaint and supporting brief fail to address or even mention MCL 168.544c(1). Consequently, plaintiff makes no effort to explain how his petition sheets failed to adhere to the unequivocal reference to the "primary election" in the statute. Instead of engaging this Court with an argument concerning the statutory requirements for nominating petitions, the plaintiff simply argues that his understanding that there would be no primary was sufficient for the Board to have placed him on the ballot. While plaintiff is correct in his assertion that there will not be a primary election for the office of circuit court judge in Tuscola County due to the insufficient number of candidates who filed petition sheets to trigger a primary election, however, as per the statute, if:

> *upon the expiration of the time for filing petitions or incumbency affidavits* of candidacy for the primary election of said judge of the circuit court in any judicial circuit, it shall appear that there are not to exceed twice the number of candidates as there are persons to be elected, then the secretary of state shall certify to the county board of election commissioners the name of such candidate for circuit court judge whose petitions or affidavits have been properly filed, and such candidate shall be the nominee for the judge of the circuit court and shall be so certified. As to such office, there shall be no primary election and this office shall be omitted from the judicial primary ballot. [MCL 168.412 (emphasis added).]

While plaintiff is correct about the absence of a primary election for this specific race, his arguments regarding his failure to place the primary date on his petition sheets are inaccurate. MCL 168.412 clearly states that the decision on the necessity of a primary election is to be made "upon the expiration of the time for filing petitions or incumbency affidavits of candidacy . . . ." Plaintiff was not empowered to declare that a primary election would not be required. It would have been impossible for him to know, while collecting signatures, whether there would be a primary. That future determination would only be made "upon the expiration of the time for filing petitions or incumbency affidavits", i.e., after plaintiff filed his petitions with the secretary of state. *Id.* The statute unequivocally assign this determination to the Board of State Canvassers after the filing of nominating petitions and certification by the secretary of state. The plaintiff's attempt to preempt the need for a primary and his choice to omit the primary date from his petition sheets directly contradicts the explicit language of the relevant statutes. Hence, plaintiff is asking this Court to disregard a crucial requirement, which is not in line with prior precedents of this Court. *Beydoun*, __ Mich App at __, slip op at p. 3. For these reasons,

the complaint for writ of mandamus is DENIED.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Michelle M. Rick